IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 09-cr-00526-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     PATRICK LOVE;
**2.**     **JAMES LOVE**;
3.     PATRICK EGAN; and
4.     MARK DOUGLAS REILLY,

       Defendants.

___

**PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS**

___

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture for Substitute Assets (Motion) **(#241)** pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. The Court having read said Motion and being fully advised in the premises FINDS:

On May 20, 2011, the United States and defendant James Love entered into a Plea Agreement, which provides a factual basis and cause to issue a forfeiture order under 18 U.S.C. ' 2323 and Rule 32.2(b) of the Federal Rules of Criminal Procedure. (Doc. 153).

On August 30, 2011, the Court entered a Forfeiture Money Judgment in the amount of $1,592,982.00 against defendant James Love. (Doc. 173).

THAT the United States has met the factors articulated in 21 U.S.C. § 853(p) to establish forfeiture of substitute assets.

THAT the substitute asset, identified below, belonging to the defendant are to be forfeited and applied to the defendant's forfeiture money judgment totaling $1,592,982.00.

THAT the United States does not seek to forfeit more than the $1,592,982.00 money judgment.

The substitute asset to be forfeited is the defendant's interest in 1485 South 76th Street, Louisville, Colorado.

**THEREFORE, IT IS ORDERED, DECREED AND ADJUDGED** that for good cause shown, the United States' motion is **GRANTED**.

It is **FURTHER ORDERED** that, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(1)(B), defendant James Love's interest in the substitute asset identified above and fully described as:

> 1485 South 76th Street, Louisville, Colorado, more particularly described as: A common boundary line between that tract of land conveyed to S. Grant Sawyer in Warranty Deed recorded as Reception No 1752592 of the Records of Boulder County, Colorado, and that tract of land conveyed to Everett J. Wiehe as described in Warranty Deed recorded on Film 2103 as Reception No. 01579366 of the Records of Boulder County, Colorado, located in the Southeast ¼ of the Southwest ¼ of Section 13, Township 1 South, Range 70 West of the 6th P.M., described as follows: Commencing at the South ¼ corner of said Section 13; thence North 00° 00' 56" East, 862.61 feet along the East line of the Southwest ¼ of said Section 13; thence South 89° 57' 44" West, 20.00 feet to the West line of the East 20.00 feet of the Southwest ¼ of said Section 13 and the True Point of Beginning; thence South 89° 34' 38" West, 241.21 feet; thence South 00° 00' 56" West 196.58 feet to the Centerline of that 40.00 foot wide Private Road Easement as described in Instrument recorded on Film 1177 as Reception No. 460532 of the Records of County of Boulder, Colorado and the Point of Termination, County of Boulder, State of Colorado.

is hereby forfeited to the United States for disposition according to law. Such forfeiture shall apply to the defendant's forfeiture money judgment in the amount of $1,592,982.00.

The Court retains jurisdiction pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure to enter any further orders necessary for the forfeiture and disposition of the referenced substitute asset, and to entertain any third party claims that may be asserted in these proceedings.

DATED this 27th day of March, 2012.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge